IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM CHANNAY HAUSER individually and on behalf of all persons similarly situated, | Civil Action No.: |
| Plaintiffs, | Complaint — Class & Collective Action |
| v. | Jury Trial Demanded |
| PATRIOT HOME CARE, INC., | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Kim Channay Hauser ("Plaintiff" or "Hauser"), through her undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Amended Complaint against Patriot Home Care, Inc. ("Defendant" or "Patriot"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), Pennsylvania state, Philadelphia municipal law, and common law. The following allegations are made on personal knowledge as to Plaintiff and on information and belief as to others.

2. Despite the Pennsylvania Supreme Court's clear ruling in *Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 517 (2010), that third-party home health agencies must pay their home health aides overtime compensation under Pennsylvania law, the U.S. Department of Labor's January 1, 2015 revised FLSA regulations, and Philadelphia's Wage Theft Ordinance, enacted December 1, 2015, Patriot failed to pay Plaintiff and other home health aides overtime compensation.

### JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' FLSA claims are proper under 29 U.S.C. § 216(b) and

28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state and municipal law claims under 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as Plaintiff's FLSA claim.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred within the Eastern District of Pennsylvania ("District") and Defendant conducts business in that District.

## PARTIES

6. Plaintiff Kim Channay Hauser ("Plaintiff" or "Hauser") is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff works for Patriot as a home health aide, performing home care support and services to elderly and disabled clients in Philadelphia, Pennsylvania from approximately October 2016 to present. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

7. Defendant Patriot Home Care, Inc. ("Defendant" or "Patriot"), is a Pennsylvania for-profit corporation with its corporate offices located in Philadelphia, Pennsylvania and Pittsburgh, Pennsylvania. Patriot is a provider of integrated healthcare services, offering home care and health services to individuals.

8. Patriot employs Hauser and has employed and continues to employ similarly situated persons.

9. Hauser and similarly situated employees performed work for Patriot in Philadelphia, Pennsylvania.

10. Hauser and similarly situated employees entered into employment contacts with Patriot in Philadelphia, Pennsylvania.

11. Patriot engages in commerce as defined in 29 U.S.C. § 203 and employs individuals engaged in commerce. *See* 29 U.S.C. § 202(a).

12. Throughout the relevant period, Patriot annual gross volume of business exceeded $500,000.

13. Throughout the relevant period, Patriot has employed a complement greater than the equivalent of ten (10) full-time employees.

## CLASS DEFINITIONS

14. Hauser brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following similarly situated persons:

> All persons who were employed by Patriot Home Care, Inc. ("Patriot") as home health aides in the United States between July 25, 2015 and the present (the "FLSA Class").

15. Hauser brings Counts II, III, and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All persons who were employed by Patriot Home Care, Inc. ("Patriot") as home health aides in Pennsylvania between July 25, 2014[1] and the present (the "Pennsylvania Class").

16. Hauser brings Count V of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> All persons who were employed by Patriot Home Care, Inc. ("Patriot") as home health aides between July 25, 2016 and the present and who worked for Patriot in Philadelphia, Pennsylvania (the "Philadelphia Class").

17. The FLSA Class, the Pennsylvania Class, and the Philadelphia Class are collectively referred to as the "Classes."

18. Hauser reserves the right to redefine the FLSA Class, the Pennsylvania Class, and

---

[1] The statute of limitations on Plaintiffs' unjust enrichment claims under Pennsylvania law are four (4) years. Accordingly, Count IV of the Complaint goes back to July 25, 2014.

the Philadelphia Class prior to notice or class certification, and thereafter, as necessary.

## FACTS

19. Patriot employs home health aides, such as Hauser, to perform a variety of services—including medication management, incontinent care, light housekeeping, bathing, dressing, grooming, ambulation assistance, and meal assistance among other services—to elderly and disabled clients in this District and, upon information and belief, elsewhere in Pennsylvania.

20. As a home health aide, Hauser assisted clients with dressing, personal care, meals preparation, light housekeeping, exercise, and reminded clients to take their medications. These activities consistently comprised of more than ninety (90%) percent of Hauser's total hours worked each workweek. Other Class Members performed the same or substantially similar job duties.

21. Patriot's home health aides are trained employees, and Patriot holds them out to the public as such.

22. From approximately October 2016 to present, Hauser was employed as a home health aide by Patriot in Philadelphia, Pennsylvania.

23. Patriot employed Hauser and Class Members to provide home care support to its elderly and disabled clients.

24. Hauser and Class Members provided domestic services in or about the private homes of Patriot's clients.

25. Patriot is not a householder under 34 P.A. Code § 231.1. Instead, Hauser and Class Members performed work in or about the private dwellings of Patriot's clients for Patriot in Patriot's pursuit of a trade, occupation, profession, enterprise, or vocation.

26. Hauser and Class Members were paid an hourly rate and Patriot did not properly compensate Hauser and Class Members for hours worked over forty (40) in a workweek.

27. Based on information and belief, prior to approximately January 12, 2018, Patriot paid Hauser and Class Members an agreed upon hourly rate for all hours worked, and did not pay properly premium for hours worked over forty in a workweek.

28. The regular rate for Plaintiff is $13.00 per hour, the rate she was paid for normal, non-overtime workweeks. That rate was decreased by Defendant for those workweeks in which she worked in excess of 40 hours. The work Plaintiff performed in those weeks was identical to the work she performed during regular hours and during those weeks in which she did not work in excess of 40 in the workweek. The decrease in her hourly rate was based on the number of hours worked and solely to avoid payment of overtime based on the true regular rate.

29. For example, Hauser was told and agreed that her hourly rate was $13.00 per hour, and was paid on an hourly basis. Based on that hourly rate, Hauser's overtime premium rate at one and one-half (1 ½) times her regular rate should have been $19.50 per hour.

30. Based on information and belief, after approximately January 12, 2018, to avoid the appropriate rate of $19.50, Patriot paid Hauser at a different/decreased hourly rate of pay for each pay period following January 7, 2018. For example, Hauser was paid $12.00 per hour for the pay period of January 7, 2018 through January 20, 2018; and $11.00 per hour for the following pay periods.

31. Hauser did not agree to a reduced rate of pay which differed from her previously established rate of pay of $13.00 per hour.

32. During the pay periods identified above, Hauser's work week exceeded 40 hours.

33. For example, for the pay period of March 4, 2018 through March 17, 2018, Hauser was paid $11.00 per hour for 40 hours, and $16.50 for all hours over 40 in a workweek.

34. Hauser's actual hourly rate was $13.00 per hour, which should have entitled her to

an overtime premium rate of $19.50.

35. For example, for the pay period of March 4, 2018 through March 17, 2018, Hauser was underpaid by $440.50.

|  | $11.00 Rate of Pay | $13.00 Rate of Pay | Difference |
|---|---|---|---|
| 40 hours | $880.00 | $1,040.00 | $160.00 |
| Overtime Hours | $470.25 | $750.75 | $280.50 |
| Total | $1350.25 | $1,790.75 | $440.50 |

36. Hauser worked and properly submitted timesheets in excess of forty (40) hours per workweek. Similarly, other Class Members routinely worked and properly submitted timesheets in excess of forty (40) hours per workweek.

37. Patriot did not properly pay Hauser and Class Members overtime compensation for hours worked over forty (40) per workweek.

38. Patriot also failed to pay Hauser for hours reported as worked on multiple occasions.

39. No good faith dispute or contest exists as to the entitlement of Hauser and Class Members to overtime compensation based upon their previously established hourly rate.

40. In November 2010, the Pennsylvania Supreme Court held that home healthcare aides did not qualify for the domestic service exemption from minimum wage and overtime requirements under the Pennsylvania Minimum Wage Act, 43 P.S. 333.101—333.115; see *Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 527 (2010).

41. Therefore, Hauser and the Class Members are non-exempt employees entitled to overtime compensation as required aby the Pennsylvania Minimum Wage Act.

42. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule, extending minimum wage and overtime protections under the FLSA to home care workers

6

like Plaintiffs and Class Members, which became effective on January 1, 2015 ("Final Rule"). The Final Rule was challenged by an association of home care companies and was upheld on August 21, 2015 by the U.S. Court of Appeals for the District of Columbia. *See Home Care Ass'n of Am. v. Weil,* 799 F.3d 1084 (D.C. Cir. 2015), *cert. denied,* 136 S. Ct. 2506 (2016). The Supreme Court declined to stay the effective date of the ruling, and on October 13, 2015, the Court of Appeals reversed the district court's orders. *See* U.S. Dep't. of Labor, Wage and Hour Division, "Important Information Regarding Recent Home Care Litigation in the U.S. District Court of D.C.," available at https://www.dol.gov/whd/homecare/litigation.htm.

43. Patriot knew or should have known of the U.S. Department of Labor's Home Care Final Rule, as it was widely publicized, including within the industry.

44. As a home health care agency, Patriot was or should have been aware of the *Bayada* decision and Patriot's obligation to pay its home health aides, including Hauser and Pennsylvania Class members, overtime and other proper compensation. Instead, Patriot ignored these obligations and failed to pay overtime and other proper compensation to Hauser and the Pennsylvania Class.

45. Moreover, throughout the entire relevant time period, Patriot was aware that Hauser and other Pennsylvania Class members were not properly compensated under Pennsylvania law because Hauser and other Pennsylvania Class members' timesheets clearly demonstrated that they routinely worked more than forty (40) hours per workweek but did not receive proper overtime compensation.

46. By not taking actions to pay home health aides overtime in spite of this Final Rule, Patriot has acted willfully and in reckless disregard of the applicable FLSA provisions by failing to properly pay overtime with knowledge that such time was compensable.

47. Patriot willfully and recklessly disregarded Pennsylvania law by failing to properly

compensate Hauser's and the Pennsylvania Class for hours worked in excess of forty (40) during the workweek.

48. On December 1, 2016, the City of Philadelphia signed into law the Philadelphia Wage Theft Ordinance, 9 Phila. Code § 9-4301, *et seq.* ("PWTO"), to grant further protections to victims of wage theft, include failure to pay overtime wages, by creating a new office of Wage Theft Coordinator and a private right of action. The PWTO went into effect on July 1, 2016. 9 Phila. Code § 9-4310.

49. As a Philadelphia employer, Patriot should have known of this new city ordinance.

50. Patriot knew or should have known about its obligation to pay overtime wages under the PWTO. Instead, Patriot ignored these obligations and failed to pay overtime and other proper compensation to Plaintiffs and the Philadelphia Class.

51. By not taking actions to pay home health aides overtime in spite of the PWTO, Patriot has acted wanton and willful in disregarding the applicable PWTO provisions by failing to pay overtime with knowledge that such time was compensable.

52. Based on information and belief, Patriot continues its practices of failing to pay its home health aides proper overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53. Hauser brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the FLSA Class as defined above.

54. Hauser desires to pursue their FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

55. Hauser and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to

Patriot's common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime compensation due as described herein. Resolution of this action requires inquiry into common facts, including, *inter alia*, Patriot's common compensation and payroll practices.

56. These similarly situated employees are known to Patriot, readily identifiable, and can be easily located through Patriot's business records.

57. Patriot employs and has employed many FLSA Class members throughout the Commonwealth of Pennsylvania. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

58. Hauser brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself, the Pennsylvania Class, and the Philadelphia Class as defined above.

59. The members of the Pennsylvania and Philadelphia Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class and of the Philadelphia Class.

60. There are questions of law and fact common to the proposed Pennsylvania Class and proposed Philadelphia Class, which predominate over any questions affecting only individual Pennsylvania Class members and Philadelphia Class members, including, without limitation, whether Patriot has violated and continues to violate Pennsylvania law through its policies and practice of not paying its home health aide employees proper overtime compensation.

61. Hauser's claims are typical of the claims of Pennsylvania and Philadelphia Class

members in the following ways, without limitation: (a) Hauser is a member of the Pennsylvania and Philadelphia Classes; (b) Hauser's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Pennsylvania and Philadelphia Classes; (c) Hauser's claims are based on the same legal and remedial theories as those of the Pennsylvania and Philadelphia Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Hauser and other Pennsylvania and Philadelphia Class members; and (e) the injuries suffered by Hauser are similar to the injuries suffered by other Pennsylvania and Philadelphia Class members.

62. Hauser will fairly and adequately represent and protect the interests of the Pennsylvania and Philadelphia Classes because there are no conflicts between the claims of Hauser and those of other Pennsylvania and Philadelphia Class members, and Hauser's claims are typical of the claims of the Pennsylvania and Philadelphia Classes. Hauser's counsel is competent and experienced in litigating class actions and other complex litigation, including wage and hour cases like this one.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania and Philadelphia Classes predominate over any questions affecting only individual Pennsylvania and Philadelphia Class members.

64. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are expected to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair

and efficient adjudication of this controversy. The Pennsylvania and Philadelphia Classes are readily identifiable from Patriot's own employment records. Prosecution of separate actions by individual members of the Pennsylvania and Philadelphia Classes would create the risk of inconsistent and varying adjudications with respect to individual Pennsylvania and Philadelphia Class members that would establish incompatible standards of conduct for Patriot.

65. A class action is superior to other available methods for adjudication of this controversy because, without limitation: (a) joinder of all members is impractical; (b) the amounts at stake for many of the Pennsylvania and Philadelphia Class members, while substantial, are not great enough to enable those Pennsylvania and Philadelphia Class members to maintain separate suits against Patriot; (c) Plaintiffs are not aware of any litigation concerning the controversy alleged herein already begun by any Pennsylvania or Philadelphia Class member against Defendant; (d) it is desirable to concentrate the litigation of the Pennsylvania and Philadelphia Class members' claims in the Eastern District of Pennsylvania because substantially the majority of the alleged wrongdoing took place in that District, Defendant's place of business is located in that District, and substantially the majority of the Pennsylvania and Philadelphia Class members reside in that District; and (e) the Pennsylvania and Philadelphia Class members do not have special interests in individually controlling the prosecution of separate actions because the prosecution of Hauser's claims will fairly and adequately protect the interests of the Pennsylvania and Philadelphia Class members and Hauser does not expect the litigation of individualized defenses or theories of recovery.

66. Without a class action, Patriot will retain the benefit of its wrongdoing, which will result in further damages to the Pennsylvania Class and the Philadelphia Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
## Violations of the FLSA
## (On Behalf of Hauser and the FLSA Class)

67. All previous paragraphs are incorporated as though fully set forth herein.

68. The FLSA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1½) times the regular rate at which they are compensated (the "overtime wage"). *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

69. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

70. Patriot is subject to the wage requirements of the FLSA because Patriot is an "employer" under 29 U.S.C. § 203(d).

71. At all relevant times, Patriot was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 202(a), and 29 C.F.R. § 552.100.

72. During all relevant times, Hauser and the FLSA Class were covered employees entitled to the FLSA's above-described protections. *See* 29 U.S.C. § 203(e).

73. From the effective date of the DOL Final Rule, Hauser and the FLSA Class are entitled to be paid overtime wages for hours worked exceeding forty (40) in a workweek pursuant to 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

74. Patriot does not have written authorization from Hauser or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

75. Patriot, pursuant to its policies and practices, failed to properly pay overtime wages to Hauser and the FLSA Class as required by the FLSA.

76. Patriot knowingly failed to properly compensate Hauser and the FLSA Class overtime wages in violation of 29 U.S.C. §§ 206 and 207, and 29 C.F.R. § 552.100.

77. In violating the FLSA, Patriot acted willfully and with reckless disregard of clearly applicable FLSA provisions.

78. Pursuant 29 U.S.C. § 216(b), employers, such as Patriot, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Act
### (On Behalf of Hauser and the Pennsylvania Class)

79. All previous paragraphs are incorporated as though fully set forth herein.

80. The Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq.* ("PMWA"), requires that covered employees be compensated for all hours worked in excess of forty (40) per workweek at a rate not less than one and one-half (1½) times the regular rate at which they are compensated. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

81. Patriot is subject to the minimum wage and overtime requirements of the PMWA because Patriot is an employer under 43 P.S. § 333.103(g).

82. During all relevant times, Hauser and the Pennsylvania Class were covered employees entitled to the PMWA's above-described protections. *See* 43 P.S. § 333.103(h).

83. Patriot's compensation practices applicable to Hauser and the Pennsylvania Class failed to comply with 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

84. Patriot failed to compensate Hauser and the Pennsylvania Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) per workweek, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

85. Patriot does not have written authorization from Hauser or Pennsylvania Class

Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

86. Pursuant 43 P.S. § 333.113, employers, such as Patriot who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the unpaid wages, and court costs and attorneys' fees incurred in recovering those unpaid wages.

## COUNT III
### Violations of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of Hauser and the Pennsylvania Class)

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"), requires that employers pay covered employees all wages due, including overtime wages. *See* 43 P.S. § 260.3(a).

89. The PWPCL requires employers to an employee on a established and agreed upon rate of pay. Under the PWPCL, the rate of pay must be established at the time of hiring. *See* 43. P.S. § 260.4.

90. Patriot failed to compensate Hauser and the Pennsylvania Class at the designated rate of pay, instead it reduced the rate of pay without notice in order to avoid paying overtime at 1.5 times the employees rate of pay – in the case of Hauser $13.00 an hour for an overtime rate of $19.50 an hour.

91. Patriot is subject to the wage payment requirements of the PWPCL because Patriot is an "employer" under 43 P.S. § 260.2(a).

92. During all relevant times, Hauser and the Pennsylvania Class were covered employees entitled to the PWPCL's above-described protections.

93. Patriot failed to compensate Hauser and the Pennsylvania Class overtime for hours worked more than forty (40) in a workweek, in violation of the PWPCL, 43 P.S. § 260.3.

94. Patriot is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs and the Pennsylvania Class' wages that concern this lawsuit

95. Patriot does not have written authorization from Hauser or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

96. Pursuant 43 P.S. §§ 260.9(a) and 260.10, employers, such as Patriot, who fail to pay an employee wages in conformance with the PWPCL shall be liable to the employee for the unpaid wages, liquidated damages, and reasonable attorneys' fees incurred in recovering the unpaid wages.

97. Patriot is in violation of Pennsylvania law by failing to pay Plaintiffs and the Pennsylvania Class for all compensable time and by failing to pay Plaintiffs and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT IV
## Unjust Enrichment
### (On Behalf of Hauser and the Pennsylvania Class)

98. All previous paragraphs are incorporated as though fully set forth herein.

99. Patriot has received and benefited from the uncompensated labors of Hauser and the Pennsylvania Class such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

100. At all relevant times, Patriot devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Hauser and the Pennsylvania Class without properly paying compensation for overtime.

101. Contrary to all good faith and fair dealing, Patriot induced Plaintiffs and the Pennsylvania Class to perform work while failing to properly compensate them for all hours worked as required by law, including overtime hours.

102. By reason of having secured the work and efforts of Hauser and the Pennsylvania Class without proper compensation as required by law, Patriot enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Hauser and the Pennsylvania Class. Patriot retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

103. Accordingly, Hauser and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Patriot.

## COUNT V
### Violations of the Philadelphia Wage Theft Ordinance
### (On Behalf of Hauser and the Philadelphia Class)

104. All previous paragraphs are incorporated as though fully set forth herein.

105. The Philadelphia Wage Theft Ordinance, 9 Phila. Code §§ 9-4301, *et seq.* ("PWTO"), requires employers to comply with Pennsylvania and federal laws regulating the payment of wages, including overtime wages. *See* 9 Phila. Code § 9-4301.

106. The PWTO is a lawfully enacted ordinance and exercise of power of a city of the first class under the Home Rule Act, 53 P.S. § 13131. *See Commonwealth. v. Cabell*, 185 A.2d 611 (Pa. Commw. Ct. 1962).

107. Patriot is subject to the wage payment requirements of the PWTO because Patriot is an "employer" under 9 Phila. Code § 9-4301.

108. During all relevant times, Hauser is an "employee" under the PWTO. *See* 9 Phila. Code § 9-4301.

109. During all relevant times, Hauser is an "Authorized Organization" under 9 Phila. Code § 9-4301 because Hauser is acting on behalf similarly situated employees to whom overtime wages are due.

110. Hauser may bring this PWTO claim on behalf of the Philadelphia Class because Hauser is an Authorized Organization. 9 Phila. Code § 9-4305(1).

111. During all relevant times, Hauser and the Philadelphia Class were covered employees entitled to the PWTO's above-described protections.

112. Patriot failed to properly compensate Hauser and the Philadelphia Class' overtime wages for hours worked more than forty (40) in a workweek, in violation of the PWTO. 9 Phila. Code § 9-4301.

113. Patriot purposely decreased Hauser's and the Philadelphia Class' regular pay without authorization, thus decreasing their allotted overtime pay.

114. No good faith contest exists as to the wages owed to Hauser and the Philadelphia Class by Patriot

115. Patriot's violations of the PWTO are willful and wanton.

116. Pursuant to 9 Phila. Code §§ 9-4305(1) and 9-4307, employers, such as Patriot, who fail to pay an employee wages in conformance with the PWTO shall be liable to the employee for the unpaid wages due, costs, reasonable attorneys' fees, and penalties.

117. Patriot is in violation of the PWTO by failing to pay Hauser and the Philadelphia Class for all compensable time and for overtime wages due.

## PRAYER FOR RELIEF

WHEREFORE, Hauser seeks the following relief on behalf of herself and all others similarly situated:

    a. An order certifying this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

   c. An order certifying this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

   d. An order certifying this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Philadelphia Class;

   e. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

   f. Liquidated damages and penalties to the fullest extent permitted under the law;

   g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

   h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: July 25, 2018                    Respectfully submitted,

                                        /s/ Ryan Allen Hancock
                                        Ryan Allen Hancock
                                        WILLIG, WILLIAMS, & DAVIDSON
                                        1845 Walnut Street 24th Floor
                                        Philadelphia, PA 19103
                                        Telephone (215) 656-3600

                                        Sarah R. Schalman-Bergen
                                        Camille Fundora
                                        BERGER & MONTAGUE, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        Telephone: (215) 875-3000
                                        Facsimile: (215) 875-4604
                                        sschalman-bergen@bm.net
                                        cfundora@bm.net

                                        *Attorneys for Plaintiff and the Proposed Classes*

# EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION
*Hauser v. Patriot Home Care, Inc.*
United States District Court, Eastern District of Pennsylvania

**Complete And Mail, Email or Fax To:**
PATRIOT HOME CARE, INC. OVERTIME LITIGATION

RYANALLEN HANCOCK, ESQ.
WILLIG, WILLIAMS & DAVIDSON
PHILADELPHIA PA 19103
FAX: (215) 733-0876
EMAIL: rhancock@wwdlaw.com

| Name: Kim Channay Hauser (Please Print) | Phone No.: |
|---|---|
| Address: | Email: |

### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I worked as a home health aide for Patriot Home Care, Inc. ("Defendant") from on or about **(dates(s))** Unknown to on or about **(dates(s))** 7/15/18. In at least one of those workweeks, I worked more than forty (40) hours and was not paid proper overtime for my work.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize the attorneys Willig, Williams & Davidson and Berger & Montague, P.C. as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this case.

| 7/25/2018 (Date Signed) | Kim C. Hauser (Signature) |
|---|---|

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**