## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **KIM CHANNAY HAUSER individually and** | : | **Civil Action No.: 2:18-cv-03126-JCJ** |
| **on behalf of all persons similarly situated,** | : | |
| | : | **Class & Collective Action** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PATRIOT HOME CARE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
## <u>APPROVAL OF THE SETTLEMENT AGREEMENT</u>

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.    PROCEDURAL HISTORY.................................................................................... 3

       A.    The Notice Provisions in the Settlement Agreement Have Been Satisfied ........... 3

       B.    Response from Class Members.............................................................................. 4

III.   DISCUSSION ....................................................................................................... 5

       A.    Applicable Legal Standard For Final Approval of Class Action Settlement
             Pursuant to Fed. R. Civ. P. 23............................................................................. 5

       B.    Applicable Legal Standard For Final Approval of Collective Action Settlement
             Pursuant to 29 U.S.C. § 216(b) .......................................................................... 6

       C.    The Settlement Satisfies the Relevant Criterion for Approval ............................. 6

             1.    The Proposed Settlement Terms Are Fair, Reasonable and Adequate in
                   Relation to the Strength of Plaintiff's Case and Risks and Expense of
                   Further Class Litigation in this *Bona Fide* Dispute .................................. 6

             2.    The Lawsuit Is At An Appropriate Point For Settlement .......................... 8

             3.    The Opinion of Experienced Counsel Supports Approval of the
                   Settlement, Which Resulted from Arm's-length Negotiations By Informed
                   and Experienced Counsel.......................................................................... 8

             4.    The Settlement Class' Response Supports the Settlement......................... 9

       D.    The Proposed Settlement Furthers the Purpose of the FLSA ............................... 9

       E.    The Court Should Finally Certify the Settlement Class Under 29 U.S.C. § 216(b)
             ........................................................................................................................... 10

       F.    The Court Should Finally Certify the Settlement Class  Under Fed. R. Civ. P. 23d
             ........................................................................................................................... 11

       G.    The Proposed Settlement Furthers the Purpose of the FLSA ............................. 12

             1.    The Settlement Class Is Sufficiently Numerous ..................................... 12

             2.    The Settlement Class Seeks Resolution of Common Questions............... 13

             3.    The Named Plaintiff's Claims Are Typical Of the Settlement Class ....... 13

4.      Class Counsel And Plaintiff Meet The Adequacy Requirements Of The Settlement Class...................................................................... 14

5.      The Settlement Class Satisfies the Predominance and Superiority Requirements of Fed. R. Civ. P. 23(b)(3) ................................................ 14

H.   The Notice Provisions Were Followed and Provided Adequate Notice To The Class that Satisfies Due Process ......................................................... 15

I.    The Service Award To Named Plaintiff Is Justified and Should Be Approved ... 15

IV.   CONCLUSION.......................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Bell Atl. Corp. v. Bolger*, 2 F.3d 1304 (3d Cir. 1993) ................................................................... 9

*Bredbenner v. Liberty Travel, Inc.*, No. 09-cv-905, 2011 WL 1344745 (D.N.J. Apr. 8, 2011) ... 17

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ..................................................................... 10

*Brown v. TrueBlue, Inc.*, No. 1:10-cv-00514, 2013 WL 5408575 (M.D. Pa. Sept. 25, 2013) ..... 10

*Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) .......................................................................................................................................... 6

*City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380 (S.D.N.Y.1972) ........................................... 5

*Craig v. Rite Aid Corp.*, No. 4:08-cv-2317, 2013 WL 84928 (M.D. Pa. Jan. 7, 2013) ............... 16

*Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136 (E.D. Pa. 2000) ................................................. 16

*Eichenholtz v. Brennan*, 52 F.3d 478 (3d Cir. 1995) ....................................................................... 5

*Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461 (E.D. Pa. 2000). ....................................... 12, 13, 14

*General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147 (1982) ............................................................ 13

*Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975) ................................................................................. 6

*In re Constar Int'l, Inc. Sec. Litig.*, 585 F.3d 774 (3d Cir. 2009) ................................................. 12

*In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241 (3d Cir. 2009) ................................................ 5

*In re Janney Montgomery Scott LLC Fin. Consultant Litig.*, No. 06-cv-3202, 2009 WL 2137224 (E.D. Pa. July 16, 2009) .......................................................................................................... 17

*In re Processed Egg Products Antitrust Litig.*, 284 F.R.D. 249 (E.D. Pa. 2012) .......................... 9

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998) .. 8

*In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491 (W.D. Pa. Dec. 22, 2003) ................................. 9

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) .......................................... 11

*Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) .............................................................. 15

*Lovett v. Connect America.com*, No. 14-2569, 2015 WL 5334261 (E.D. Pa. Sept. 14, 2015) ..... 10

*Lynn's Food Stores. Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) ................................................. 6

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)............................................. 15

*Sakalas v. Wilkes Barre Hosp. Co.*, No. 3:11-cv-0546, 2014 WL 1871919 (M.D. Pa. May 8, 2014) ............................................................................................................................... 17

*Sand v. Greenberg*, No. 08-cv-7840, 2011 WL 7842602 (S.D.N.Y. Oct. 6, 2011)..................... 16

*Singleton v. First Student Mgmt. LLC*, Civ. No. 13–1744, 2014 WL 3865853 (D.N.J. Aug. 6, 2014) ............................................................................................................................... 10

*Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001)................................................................. 12, 13

*Tenuto v. Transworld Sys., Inc.*, No. 99-cv-4228, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002).... 16

*Walsh v. Great Atlantic & Pacific Tea Co.*, 96 F.R.D. 632 (D.N.J. 1983).................................... 5

*Weiss v. York Hosp.*, 745 F.2d 786 (3d Cir. 1984) ................................................................... 11

*Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527 (3d Cir. 2012) .................................................... 11

## Statutes & Rules

29 U.S.C. § 201 ............................................................................................................................. 1

29 U.S.C. § 202 ........................................................................................................................... 10

29 U.S.C. § 216(b) ............................................................................................................. 1, 3, 6, 10

Fed. R. Civ. P. 23 ............................................................................................................... passim

Fed. R. Civ. P. 23(a) ................................................................................................. 11, 12, 13, 14

Fed. R. Civ. P. 23(b)(3)14.................................................................................... 2, 11, 12, 14

Fed. R. Civ. P. 23(c)(2)(B) ......................................................................................................... 15

Fed. R. Civ. P. 23(e) ..................................................................................................................... 5

## Other Authorities

CONTE & NEWBERG at §§ 8.21 ............................................................................................... 15

MANUAL FOR COMPLEX LITIG. at § 21.311 and 21.312 ....................................................15

## I.   <u>INTRODUCTION</u>

This class and collective action wage and hour lawsuit against Defendant Patriot, Inc. ("Patriot" or "Defendant") has been settled, and Plaintiff Kim Channay Hauser ("Plaintiff") respectfully submits this memorandum of law in support of Plaintiff's Unopposed Motion for Final Approval of the Settlement Agreement. The Court granted preliminary approval of this settlement on July 10, 2019 and set a Final Approval Hearing for December 3, 2019. (Dkt. No. 27.) Now, after Court-approved notice has been sent to Settlement Class Members, final approval of this settlement is appropriate.

On July 25, 2018, Plaintiff Kim Channay Hauser filed this class and collective action alleging that she was not properly paid the correct amount of wages or overtime because her hourly rate had been reduced from the previously established hourly rate in response to the number of hours expected to be worked, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Law, the Pennsylvania Wage Payment and Collection Act, Pennsylvania Common Law (unjust enrichment or *quantum meruit*), and the Philadelphia Wage Theft Ordinance. Plaintiff filed her Amended Class and Collective Action Complaint on October 25, 2018. (Dkt. No. 13.).

After exchanging informal discovery, mediation statements and damages analysis, and participating in a full day's in-person mediation session with the Hon. Diane Welsh (Ret.), the Parties entered into a Settlement Agreement to resolve this action.[1]  The Settlement includes a gross cash payment of Three Hundred Twenty-Five Thousand Dollars ($325,000.00) (the "Gross Settlement Amount"), excluding the employer's share of applicable FICA and FUTA payroll taxes. *See* Settlement Agreement ¶ 9(m).  **None of the funds from the Gross Settlement Amount**

---

[1] A copy of the Settlement Agreement was filed on June 21, 2019 (hereinafter "Settlement Agreement").  (Dkt. No. 25-1.)

**will revert to Defendant**. *Id.* at ¶ 16(a).   The Settlement is fair, reasonable and extremely beneficial to the members of the Settlement Class.   The Settlement Agreement offers the Class significant advantages over continued prosecution of their case against Defendant: members of the Settlement Class will receive significant financial compensation and will avoid the risks inherent in the continued prosecution of this case, in which Defendant asserts various defenses to its liability and the Parties agree that the legal claims alleged in the Complaints presented an issue of first impression within the United States Court of Appeals for the Third Circuit and the Commonwealth of Pennsylvania.

In exchange, the Settlement Agreement contains a release of all FLSA, Pennsylvania and Philadelphia law wage and hour claims that were or could have been asserted in the Complaints based on the facts alleged for unpaid wages, overtime compensation, liquidated or other damages from July 25, 2015 through June 12, 2019. *Id.* at ¶ 16(a).   No Eligible Class Member shall be deemed to release an FLSA claim unless he/she cashes his/her Settlement Award check. *Id.* at ¶ 9(t), 10(b). The releases will not become effective until the Effective Date. *Id.* at ¶ 10(b).

Consistent with the Order granting preliminary approval, the Court-approved Notice was mailed to all Settlement Class Members.  *See* Declaration of Tina Chiango of RG/2 Claims Administration LLC ("Chiango Decl.") ¶ 9.  Each Notice advised each Settlement Class Member of the settlement and that they could object to the settlement or submit a written request for exclusion by September 30, 2019. *Id.* at ¶ 11. **As of the date of this filing, neither Class Counsel nor the Settlement Administrator has received any objections or requests for exclusion**. *See id.;* Declaration of Sarah R. Schalman-Bergen ("Schalman-Bergen Decl.") ¶ 12.  All Settlement Class Members will receive a settlement award. *See* Schalman-Bergen Decl. ¶ 14. The average value of the settlement awards is currently estimated to be approximately $654 per person.  *Id.* at

¶ 16.

The proposed Settlement Agreement satisfies all of the criteria for final approval under federal law and is fair, reasonable and adequate.  Accordingly, Plaintiff requests that the Court issue an order:

1)  Granting final approval of the proposed Settlement Agreement;

2)  Granting final approval of the Settlement Class pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23;

3)  Finally approving Kim Channay Hauser as the representative of the Settlement Class, and approving a $5,000.00 service award for her service to the Settlement Class and in exchange for her additional released claims in favor of Defendant;

4)  Approving Berger Montague PC and Willig, Williams & Davidson as Class Counsel for the Settlement Class, and approving Class Counsel's request for attorneys' fees of $108,333.33 and costs in the amount of $5,874.95;

5)  Approving Community Legal Services as the *cy pres* recipient;

6)  Approving RG/2 Claims Administration LLC as Settlement Administrator and finally approving the costs of settlement administration not to exceed $10,500.00; and

7)  Dismissing this class and collective action with prejudice.

Defendant does not oppose this motion, and Plaintiff has submitted a proposed final approval order for the Court's consideration.

## II.   **PROCEDURAL HISTORY**

Plaintiff incorporates by reference the Procedural History and Terms of Settlement Sections, as set forth in the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval.  (Dkt. No. 24, Section II.)

### A.   **The Notice Provisions in the Settlement Agreement Have Been Satisfied**

Settlement Class Members contained in the Class List via First Class mail, and emailed Settlement Class Members for whom email addresses were provided on August 1, 2019.  *Id.* at ¶ 9.

The Class Notice advised Settlement Class Members that they would be automatically receive a settlement check if the Court grants final approval of the Settlement Agreement, that they could object or the settlement, or submit a written request for exclusion September 30, 2019. *Id.* at ¶ 11; Settlement Agreement, Ex. A.   A total of twenty-six (26) Class Notices were returned by the USPS as undeliverable.  Three (3) of the Class Notices contained a forwarding address and the Class Notice was immediately re-mailed.  RG2 performed address verification searches (also referred to as "skip tracing") for the remaining twenty-three (23) Class Notices returned as undeliverable without a forwarding address. Skip tracing utilizes the Class Member's name, previous address and Social Security number for locating a current address. Class Notices were promptly re-mailed to Class Members via U.S. First Class mail at the updated addresses located via skip tracing. After these efforts, one (1) Class Notice remained undeliverable out of the 497 Class Notices that were originally mailed on August 1, 2019. Chiango Decl. ¶ 12. Accordingly, Class Notices were received by 99.8% of all Class Members. *Id.* at ¶ 13.

### B.    <u>Response from Class Members</u>

The response to the settlement from Class Members has been overwhelmingly positive. Class Counsel was responsible for receiving objections and Class Counsel and the Settlement Administrator were responsible for receiving requests for exclusion from the Settlement. Settlement Agreement ¶¶ 12-13; Schalman-Bergen Decl. ¶ 12; Chiango Decl. ¶ 10. **<u>As of the date of this filing, no Settlement Class Member has objected or requested to be excluded from the settlement</u>**.  Schalman-Bergen Decl. ¶ 12; Chiango Decl. ¶ 11.

Pursuant to the terms of the Settlement Agreement, payment of the settlement awards will be made within thirty (30) business days after the Effective Date.  Chiango Decl. ¶ 14; Settlement Agreement ¶ 23.   Settlement checks will be valid and negotiable for a period of 180 days. Settlement Agreement ¶ 24.  Additionally, any remaining amounts after the 180-day period will

be paid to Community Legal Services, the *cy pres* recipient designated in the Settlement Agreement. *Id.* at ¶ 24. The Settlement Administrator will also distribute the Settlement Awards and coordinate tax administration. *Id.* at ¶¶ 19, 20. The Settlement Administrator has agreed to perform administration duties for an amount not to exceed $10,500.00 Chiango Decl. ¶ 15; Settlement Agreement ¶ 17(c).

## III.   DISCUSSION

Plaintiff respectfully requests that the Court enter the accompanying proposed order finally approving the class and collective action settlement.

### A.   Applicable Legal Standard For Final Approval of Class Action Settlement Pursuant to Fed. R. Civ. P. 23

To grant final approval, the Court must conclude that the proposed settlement is fair, reasonable and adequate. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009); Fed. R. Civ. P. 23(e). Trial courts generally are afforded broad discretion in determining whether to approve a proposed class action settlement. *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995). This discretion is conferred in recognition that "[the] evaluation of [a] proposed settlement in this type of litigation ... requires an amalgam of delicate balancing, gross approximations and rough justice." *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380, 1385 (S.D.N.Y.1972), *aff'd in part and rev'd in part on other grounds*, 495 F.2d 448 (2d Cir. 1974). Thus, the Court considers whether the proposed settlement is within a "range of reasonableness" that experienced attorneys could accept in light of the relevant risks of the litigation. *See Walsh v. Great Atlantic & Pacific Tea Co.*, 96 F.R.D. 632, 642 (D.N.J. 1983), *aff'd*, 726 F.2d 956 (3d Cir. 1983).

The Third Circuit has set forth nine factors to be considered when determining the fairness of a proposed settlement:

(1) the complexity, expense and likely duration of the litigation;(2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of

5

discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ...

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (internal quotations and punctuation marks omitted).

### B.     Applicable Legal Standard For Final Approval of Collective Action Settlement Pursuant to 29 U.S.C. § 216(b)

This case is also brought pursuant to Section 216(b) of the FLSA.  When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to Section 216(b) of the FLSA, the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *See Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores. Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

"In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability."  *Brumley*, 2012 WL 1019337, at *2 (internal quotation omitted).

### C.     The Settlement Satisfies the Relevant Criterion for Approval

#### 1.     The Proposed Settlement Terms Are Fair, Reasonable and Adequate in Relation to the Strength of Plaintiff's Case and Risks and Expense of Further Class Litigation in this *Bona Fide* Dispute

Defendant has agreed to pay a large gross settlement amount -- $325,000.00 -- in settlement of the claims of the Settlement Class.  Pursuant to the Settlement Agreement, if the Court approves

the amounts set forth above, the Net Settlement Amount would be approximately $195,291.72.

Accordingly, Settlement Class Members will receive an average recovery of approximately $654,

even after settlement administration costs, the Named Plaintiff's service awards, and attorneys'

fees and costs are deducted.  *See* Schalman-Bergen Decl. ¶¶ 13, 16. Every Class Member who

participates in this Settlement will receive a minimum payment of $50.00. *See id.* at ¶ 14;

Settlement Agreement ¶ 19(a). The Settlement represents a high percentage of the maximum

expected recovery if Plaintiff prevailed.  Awards to Eligible Class Members will be made from the

Net Settlement Amount. Specifically, all Eligible Class Members will receive a *pro rata* share of

the Net Settlement Amount based the total number of overtime hours worked after the Eligible

Class Member's hourly wage rate was reduced while employed by Defendant as a direct care

worker between July 25, 2015 and June 12, 2019. *Id.* at ¶ 19(b). The entirety of the Net Settlement

Fund will be disbursed to all Eligible Class Members, and there will be no reversion of funds to

Defendant. *Id.* at ¶¶ 16(a), 19.

Plaintiff believes that the Settlement is an excellent result for the members of the

Settlement Class.  Defendant was prepared to vigorously defend this action by asserting a number

of defenses to liability, and dispute that the claims presented were appropriate for class certification

or FLSA collective action treatment. The Parties also agreed that the legal claims alleged in the

Complaints presented an issue of first impression within the United States Court of Appeals for

the Third Circuit and the Commonwealth of Pennsylvania.  Moreover, in a class action proceeding,

complex procedural issues may frequently arise, offering constant challenges to the propriety of

the Class. Schalman-Bergen Decl. ¶ 21.  Accordingly, the risks and costs of continued litigation

are likely to be much higher than those of a typical single party case.

Given the substantial monetary settlement that was negotiated, continuing the litigation of

this case and exposing the case to those risks is not warranted.  Thus, the *Girsh* factors (the complexity, expense and likely duration of the litigation; the risks of establishing liability and damages; and the range of reasonableness of the settlement fund in light of the best possible recovery given the attendant risks of litigation) strongly support final approval of this Settlement.

### 2.      The Lawsuit Is At An Appropriate Point For Settlement

In this case, the proposed settlement was reached after (1) informal discovery, which included exchanging documents and a factual and legal investigation by Class Counsel, and (2) a full-day, in-person mediation session, which included follow up arm's-length negotiations between counsel for the parties. *Id.* at ¶ 22. There was sufficient investigation and discovery conducted in this matter to allow counsel and the Court to act intelligently concerning the settlement of the claims.  *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 319 (3d Cir. 1998) (finding class counsel's "vigorous litigation," pursuit of discovery, and use of informal discovery supported settlement).

Notably, the Parties exchanged documentation, records and information that allowed them to determine the losses that the Class Members suffered as a result of the alleged improprieties at issue in this case.  Defendant produced critical payroll records that helped to inform the Parties' decision to settle.  The state of the proceedings supports final approval of the Settlement.

### 3.      The Opinion of Experienced Counsel Supports Approval of the Settlement, Which Resulted from Arm's-length Negotiations By Informed and Experienced Counsel

The Settlement was the result of one intense in-person mediation session between the Parties with the assistance of skilled mediator, Hon. Diane Welsh (Ret.) in Philadelphia, Pennsylvania on March 28, 2019.  *See* Schalman-Bergen Decl. ¶ 22.  The participation by such neutral facilitator, and the adversarial nature of those negotiations illustrates that this case was resolved and settled only after sufficient arm's-length bargaining.  Counsel for both sides are

highly experienced in wage and hour class action litigation. The Declarations of Class Counsel filed in support of Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs describe Class Counsel's experience in this area. *See* Pl.'s Motion for Approval of Attys' Fees & Costs, Declaration of Sarah R. Schalman-Bergen (Dkt. No. 28-2) and Declaration of Ryan A. Hancock (Dkt. No. 28-3). These experienced wage and hour attorneys believe that this case is appropriate for settlement and that the substantial sum of $325,000.00 will provide significant relief to Plaintiff and Settlement Class Members. *See In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 509 (W.D. Pa. Dec. 22, 2003) ("settlement negotiations took place at arm's-length between highly experience[d] and competent counsel. Their assessment of the settlement as fair and reasonable is entitled to considerable weight").

### 4.   The Settlement Class' Response Supports the Settlement

Finally, the Settlement Class Members' collective response to the Settlement overwhelmingly supports final approval. To date, there have been ***zero objections and zero requests for exclusion*** to the proposed Settlement. *See* Schalman-Bergen Decl. ¶ 12; Chiango Decl. ¶ 12. This overwhelmingly positive response from the Settlement Class demonstrates the fairness and adequacy of the Settlement's terms. Nothing in the response of Class Members warrants denial of the final approval of the settlement. Given the Court's preliminary approval and the complete absence of any objections by Class Members, final approval of the settlement is warranted. *See Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 n.15 (3d Cir. 1993) (noting that it is generally appropriate to assume that "silence constitutes tacit consent to the agreement" in the class settlement context); *In re Processed Egg Products Antitrust Litig.*, 284 F.R.D. 249, 269 (E.D. Pa. 2012) (holding that no objections supports final approval of settlement).

### D.   <u>The Proposed Settlement Furthers the Purpose of the FLSA</u>

The Settlement Agreement contains no provisions that would be contrary to the purposes

of the FLSA or frustrate the implementation of the FLSA in the workplace.  *See Brown v. TrueBlue, Inc.*, No. 1:10-cv-00514, 2013 WL 5408575, at *3 (M.D. Pa. Sept. 25, 2013)(finding settlement agreement frustrated the implementation of the FLSA when it required the plaintiffs to keep the terms of the settlement confidential or risk forfeiting their awards).

Indeed, the settlement furthers the purposes of the FLSA by providing the low-wage workers with substantial recovery for their unpaid overtime wages, that, because of the lack of bargaining power inherent in employer-employee relationships, they may have otherwise been unable to recover.  *See* 29 U.S.C. § 202 (congressional finding and declaration of policy); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) ("The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency....").  Because the settlement facilitates the FLSA and is a fair and reasonable resolution of a *bona fide* dispute, it should be approved as reasonable.

**E.     The Court Should Finally Certify the Settlement Class Under
        29 U.S.C. § 216(b)**

In the context of a collective action settlement, the Court must complete the second stage of certification and determine whether Plaintiffs are similarly situated under Section 216(b) of the FLSA to finally certify the collective action.  *See Lovett v. Connect America.com*, No. 14-2569, 2015 WL 5334261, *2 (E.D. Pa. Sept. 14, 2015); *Singleton v. First Student Mgmt. LLC*, Civ. No. 13–1744, 2014 WL 3865853, at *3 (D.N.J. Aug. 6, 2014) (certifying collective action for settlement).  To determine whether members of the collective action are similarly situated, the Court must evaluate a number of factors, including but not limited to: "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar

salaries and circumstances of employment." *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536-7 (3d Cir. 2012). The Court must "consider[ ] all the relevant factors and make[ ] a factual determination on a case-by-case basis." *Id.* at 536.

Here, all of the Settlement Class Members are current or former employees of Defendant, having worked for Defendant at some point during the applicable time period as a direct care worker. Settlement Class Members experienced an unlawful reduction in their base hourly rate during their employment and were similarly denied compensation at the appropriate rate based on the underpayment of the calculated overtime premium. For settlement purposes only, Defendant has agreed that the requisites for final certification are met. Accordingly, the Court should grant final certification to the Settlement Class under Section 216(b) of the FLSA.

> **F.     The Court Should Finally Certify the Settlement Class Under Fed. R. Civ. P. 23d**

In addition, the Settlement Class should be finally certified. A case may be certified as a class action under Fed. R. Civ. P. 23 when:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Weiss v. York Hosp.*, 745 F.2d 786, 807 (3d Cir. 1984), *cert. denied*, 470 U.S. 1060 (1985). These four threshold requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).

Federal Rule of Civil Procedure 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and

efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These dual requirements are commonly referred to as "predominance" and "superiority," respectively. *See, e.g.*, *In re Constar Int'l, Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009).

On July 10, 2019, the Court preliminarily certified the Settlement Class under Rule 23(b)(3) for settlement purposes (Dkt. No. 27), and Plaintiff now moves for final certification of the Settlement Class under Rule 23(b)(3). Pursuant to the terms of the Settlement Agreement, Defendant has stipulated that, for settlement purposes only, the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23 with respect to the Settlement Class Members, have been and are met. *See* Settlement Agreement ¶ 7.

**G.    The Proposed Settlement Furthers the Purpose of the FLSA**

Finally, the Settlement Agreement contains no provisions that would be contrary to the purposes of The Settlement Class Is Sufficiently Numerous

To meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1), "the class size only need be large enough that it makes joinder impracticable." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467 (E.D. Pa. 2000). The proposed Settlement Class here easily meets the numerosity requirement because approximately 447 Settlement Class Members have been identified through Defendant's payroll records. *Id.* at ¶ 9(x). *See* S*tewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001) (although "[n]o minimum number of plaintiffs is required to maintain a suit as a class action," a plaintiff in this circuit can generally satisfy Rule 23(a)(1)'s numerosity requirement by establishing "that the potential number of plaintiffs exceeds 40."). Numerosity is satisfied.

**1.    The Settlement Class Is Sufficiently Numerous**

To meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1), "the class size only need be large enough that it makes joinder impracticable." *Fry*, 198 F.R.D. at 467. The proposed Settlement Class here easily meets the numerosity requirement because approximately 497

Settlement Class Members have been identified through Defendant's payroll records. *Id.* at ¶ 9(x). Each Settlement Class Member will receive a settlement award.  *See* Settlement Agreement ¶¶ 16(a), 19.

### 2.    The Settlement Class Seeks Resolution of Common Questions

The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied if the named Plaintiff shares at least one question of fact or law with the grievances of the prospective class.  *See Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001).  Here, Plaintiff and the Settlement Class Members' claims arise from Defendant's common pay policies and failure to pay direct care workers the proper amount of overtime premiums. The alleged common issues include, for example: (1) whether Settlement Class Members experienced an unlawful reduction in their base hourly rate during their employment; (2) whether Settlement Class Members were similarly denied compensation at the appropriate rate based on the underpayment of the calculated overtime premium; and (3) whether Defendant's policy with respect to modifying Settlement Class Members' pay rate violated state wage and hour laws. These sample common questions of law and fact, which Plaintiff contends apply uniformly to all members of the proposed Settlement Class, are sufficient to satisfy the commonality requirement.

### 3.    The Named Plaintiff's Claims Are Typical Of the Settlement Class

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied for purposes of approving the settlement because Plaintiff's claims are reasonably coextensive with those of absent class members, and because Plaintiff possesses the same interest and suffered the same injury as the absent class members. *See Fry*, 198 F.R.D. at 468; *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982).  Plaintiff's claims for underpaid overtime compensation during weeks when she worked as a direct care worker are typical of the claims of the Settlement Class.

### 4.      Class Counsel And Plaintiff Meet The Adequacy Requirements Of The Settlement Class

To meet the adequacy requirement of Fed. R. Civ. P. 23(a)(4), a named Plaintiff must show: 1) that he or she has the ability and incentive to represent the claims of the class vigorously; 2) has obtained adequate counsel; and 3) that there is no conflict between the individual's claims and those asserted on behalf of the class. *Fry*, 198 F.R.D. at 469.

The adequacy of representation requirement is met here because the Plaintiff has the same interests as the Settlement Class Members.  There is no conflict between the Plaintiff and the Settlement Class in this case, and Plaintiff's claims are in line with the claims of the Class.  The Plaintiff has aggressively and competently asserted the interests of the Settlement Class, and Plaintiff's counsel is skilled and experienced in wage and hour class action litigation, as set forth in the declarations of Class Counsel submitted with Plaintiff's Motion for Attorneys' Fees and Costs. (Dkt. Nos. 28-2, 28-3.)

### 5.      The Settlement Class Satisfies the Predominance and Superiority Requirements of Fed. R. Civ. P. 23(b)(3)

Under Fed. R. Civ. P. 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

For the reasons discussed above, the Settlement Class satisfies the predominance requirement.  Moreover, allowing the Settlement Class Members the opportunity to participate in a class settlement that yields an immediate and substantial benefit is highly superior to having a multiplicity of individual and duplicative proceedings in this Court.  It is also superior to the alternative of leaving these important labor rights unaddressed due to the difficulty of finding legal representation and filing claims on an individual basis.  Moreover, the Third Circuit has ruled that

there is no reason to preclude federal jurisdiction over class actions asserting claims under state statutory wage and overtime laws paralleling the FLSA. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

Accordingly, Plaintiff respectfully requests that the Court finally certify the Pennsylvania Settlement Class for settlement purposes only.

### H.     The Notice Provisions Were Followed and Provided Adequate Notice To The Class that Satisfies Due Process

The U.S. Supreme Court has held that notice of a class action settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the proposed Notice and manner of distribution negotiated and agreed upon by the parties was "the best notice practicable," as required under Fed. R. Civ. P. 23(c)(2)(B).  As described above, the Notice provisions of the Settlement Agreement were all followed by the Settlement Administrator.   All of the 497 Eligible Class Members will receive monetary compensation. *See* Schalman-Bergen Decl. ¶ 14.   Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court.  CONTE & NEWBERG at §§ 8.21 and 8.39; MANUAL FOR COMPLEX LITIG. at § 21.311 and 21.312.

### I.     The Service Award To Named Plaintiff Is Justified and Should Be Approved

Defendant agreed to pay Named Plaintiff Kim Channay Hauser a Five Thousand Dollar ($5,00.00) service award for her efforts in bringing and prosecuting this matter, and in addition, for their general release of all waivable claims against Defendant arising out of her employment. *See* Settlement Agreement ¶¶ 10(a), 17(a). Subject to Court approval, this amount will be paid to

Plaintiff from the Gross Settlement Amount and shall be in addition to her recovery of compensation towards alleged underpaid overtime by her participation as an Eligible Class Member who will receive a Settlement Award.

"[C]ourts routinely approve incentive awards to compensate named Plaintiffs for services they provided and the risks they incurred during the course of the class action litigation." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000). It is particularly appropriate to compensate named representative Plaintiff with an incentive award where they have actively assisted Plaintiff's counsel in their prosecution of the litigation for the benefit of a class. *Tenuto v. Transworld Sys., Inc.*, No. 99-cv-4228, 2002 WL 188569, at *5 (E.D. Pa. Jan. 31, 2002).

Here, the proposed additional payment is justified by the benefits that Plaintiff's diligent efforts have brought to the Settlement Class Members. Plaintiff took the significant risk of coming forward to represent the interests of her fellow employees. *See* Schalman-Bergen Decl. ¶ 19. Plaintiff worked with Class Counsel, providing background information about her employment, about Defendant's policies and practices, and about the allegations in this lawsuit. *Id*. Plaintiff risked her reputation in the community and in her field of employment in order to participate in this case on behalf of the Class. *Id.*; *see Sand v. Greenberg*, No. 08-cv-7840, 2011 WL 7842602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving service awards in FLSA case as reasonable and finding that plaintiffs "took risks by putting their names on this lawsuit," including the risk of "blacklisting and other more subtle forms of retaliation"); *Craig v. Rite Aid Corp.*, No. 4:08-cv-2317, 2013 WL 84928, at *13 (M.D. Pa. Jan. 7, 2013) ("[N]amed plaintiffs in FLSA or state wage and hour claims are often retaliated against in the industry as a result of their obvious participation in such litigation.").

The additional payment requested in this case is also in line with those approved in wage

16

and hour collective and class actions throughout the Third Circuit. *See, e.g.*, *Sakalas v. Wilkes Barre Hosp. Co.*, No. 3:11-cv-0546, 2014 WL 1871919, at *5 (M.D. Pa. May 8, 2014) ("Court believes that the proposed total award of $7,500.00 (or 1.57%) of a $475,000.00 settlement fund is well-deserved and not out of proportion to the level of [named Plaintiff's] cooperation. Such an award would not significantly reduce compensation for the other class members, nor is it out of the mainstream for class action service awards in the Third Circuit."); *Bredbenner v. Liberty Travel, Inc.*, No. 09-cv-905, 2011 WL 1344745, at *22-24 (D.N.J. Apr. 8, 2011) (approving service payments of $10,000 to each of eight named Plaintiffs in wage and hour case, and citing 2006 empirical study that found average award per class representative to be $16,000); *In re Janney Montgomery Scott LLC Fin. Consultant Litig.*, No. 06-cv-3202, 2009 WL 2137224, at *12 (E.D. Pa. July 16, 2009) (approving $20,000 enhancement awards for each of three named Plaintiffs in wage and hour settlement).

For these reasons, the service award payment of $5,000.00 to Plaintiff Kim Channay Hauser should be finally approved as fair and reasonable.

## IV.  **CONCLUSION**

Based upon the foregoing reasons, Plaintiff respectfully requests that the Court enter a final order approving this Settlement as fair, reasonable and adequate, and dismissing this case with prejudice. Further, Plaintiff respectfully requests that this Court approve the award of attorneys' fees to Class Counsel in the amount of $108,333.33, and approve reimbursement of costs to Class Counsel, currently in the amount of $5,874.95.

Dated: November 22, 2019                    Respectfully submitted,


                                            s/ Sarah R. Schalman-Bergen
                                            Sarah R. Schalman-Bergen
                                            Camille Fundora Rodriguez
                                            BERGER MONTAGUE PC
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19103
                                            Telephone: (215) 875-3000
                                            Facsimile: (215) 875-4604
                                            Email: sschalman-bergen@bm.net
                                                   crodriguez@bm.net

                                            Ryan Allen Hancock
                                            Bruce Ludwig
                                            WILLIG, WILLIAMS & DAVIDSON
                                            1845 Walnut Street, 24th Floor
                                            Philadelphia, PA 19103
                                            Telephone: (215) 656-3679
                                            Facsimile: (215) 561-5135
                                            Email:  rhancock@wwdlaw.com
                                                    bludwig@wwdlaw.com

                                            *Attorneys for the Plaintiff and the Settlement
                                            Class*