IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM CHANNAY HAUSER,<br>Individually and on behalf of<br>all persons similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>PATRIOT HOME CARE, INC.,<br>    Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 18-3126 |

**ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT AGREEMNT**

AND NOW, this 3rd day of December, 2019, upon consideration of Plaintiff's Unopposed Motion for Final Approval of the Settlement, the Court grants the Motion and ORDERS as follows:

1. The Parties' Settlement Agreement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e), and a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

2. For settlement purposes, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3); and 29 U.S.C. § 216(b):

> Plaintiff and all persons were employed by Patriot Home Care, Inc. as home health aides, alternatively known as direct care workers, who had their hourly wage rate reduced at any time during their employment between July 25, 2015 and June 12, 2019.

The Court finds that the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23 with respect to the Settlement Class Members have been and are met, with respect to numerosity, commonality, typicality, and adequacy, and finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court further finds that the proposed Settlement Class is similarly situated such that certification of a collective is appropriate under 29 U.S.C. § 216(b).

3. Plaintiffs Kim Channay Hauser finally approved as the Representative of the Settlement Class, and the proposed service award in the amount of $5,000.00 for her service to the Class and in exchange for her additional released claims in favor of Defendant is approved;

4. RG/2 is approved as Settlement Administrator and the costs of settlement administration are approved up to $10,500.00;

5. Berger Montague PC and Willig, Williams & Davidson are approved as Class Counsel for the Settlement Class;

6. Community Legal Services is finally approved as the *cy pres* recipient.

7. Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs (Dkt. No. 28) is granted, and payment of attorneys' fees in the amount of $108,333.33 and costs in the amount of $5,874.95 are finally approved;

8. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

9. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiff, the certified classes, and Defendant for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

BY THE COURT:

s/ J. Curtis Joyner
_____
J. CURTIS JOYNER, J.